IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| JACK STONE, | ) | CIVIL NO. 19-00065 JAO-RLP |
| | ) | |
| Plaintiff, | ) | ORDER DENYING WITHOUT |
| | ) | PREJUDICE APPLICATION TO |
| vs. | ) | PROCEED IN FORMA PAUPERIS |
| | ) | |
| UNITED STATES EMBASSY TOKYO; UNITED STATES DEPARTMENT OF STATE, | ) ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

ORDER DENYING WITHOUT PREJUDICE APPLICATION
TO PROCEED IN FORMA PAUPERIS

Before the Court is Plaintiff Jack Stone's ("Plaintiff") Application to Proceed In Forma Pauperis ("IFP Application"), filed March 11, 2019. For the reasons set forth below, the Court DENIES WITHOUT PREJUDICE the IFP Application.

BACKGROUND

This instant action arises out of a domestic dispute between Plaintiff and his estranged wife. Plaintiff's wife traveled with their minor child from Hawaiʻi to Japan in late 2018, without Plaintiff's knowledge or consent.[1] According to Plaintiff, his wife has since abandoned their child and will not return the child's

---

[1] Plaintiff characterizes her actions as kidnapping.

U.S. passport. Plaintiff, who is currently residing in Japan with their child, has been attempting to obtain a replacement passport for their child so that he may bring him back to Hawaiʻi.

On February 6, 2019, Plaintiff filed a document titled "PETITIONER SEEKS EMERGENCY ORDER TO COMPEL THE U.S. DEPARTMENT OF STATE, AND THE U.S. EMBASSY IN TOKYO IN JAPAN TO ISSUE REPLACEMENT PASSPORT FOR PETITIONER'S MINOR CHILD WHO WAS BROUGHT TO JAPAN IN VIOLATION OF 18 U.S.C. § 1204," which was treated as a Complaint. The Court construed the Complaint as requesting emergency injunctive relief

On February 8, 2019, the Court issued an Order (1) Dismissing Complaint; (2) Denying Application to Proceed In Forma Pauperis; and (3) Denying Emergency Injunctive Relief. Doc. No. 6. The Court granted Plaintiff leave to file an amended complaint by March 8, 2019 and ordered Plaintiff to concurrently file an IFP Application or pay the applicable filing fee.

Plaintiff filed a First Amended Complaint ("FAC") on March 11, 2019.[2] He requests an order compelling the U.S. Department of State to issue a replacement passport for his minor child. FAC, Doc. No. 11 at ¶ 23. To satisfy 22 C.F.R

---

[2] The deadline to file an amended complaint was March 9, 2019. However, because Plaintiff is proceeding pro se and he mailed the FAC from Japan on March 5, 2019, the Court will accept the untimely filing.

§ 51.28's requirements for execution of a passport application by one parent, Plaintiff also seeks a ruling, pursuant to 22 C.F.R. § 51.2(F),[3] that his estranged spouse be found "incompetent due to abandonment, and due to neglect and mistreatment of the child, or in the alternative, remove parental authority of the mother, due to violating 18 U.S.C. § 1204, abducting the child to Japan." *Id.* at ¶ 31. Section 51.28(a)(3)(ii)(F) allows one parent (versus both parents) to execute a passport application if that parent can provide documentary evidence that he or she "is the sole parent or has sole custody of the minor." 22 C.F.R. § 51.28(a)(3)(ii). Documentary evidence may include "[a]n order of a court of competent jurisdiction terminating the parental rights of the non-applying parent or declaring the non-applying parent or legal guardian to be incompetent." 22 C.F.R. § 51.28(a)(3)(ii)(F).

## DISCUSSION

Plaintiff seeks to proceed in forma pauperis. A court may authorize the commencement or prosecution of any suit without prepayment of fees by a person who submits an affidavit that the person is unable to pay such fees. 28 U.S.C. § 1915(a)(1). "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of

---

[3] This is a non-existent provision. Plaintiff cites to non-existent provisions throughout the FAC. It appears that he intended to reference subsections of 22 C.F.R. § 51.28.

3

life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing *Adkins v. E.I. Du Pont De Nemours & Co., Inc.*, 335 U.S. 331, 339 (1948)). Absolute destitution is not required to obtain benefits under the IFP statute, but "a plaintiff seeking IFP status must allege poverty 'with some particularity, definiteness and certainty.'" *Id.* (citation omitted).

In the IFP Application, Plaintiff represents that his gross wages total $1,786.00 per month. However, in the FAC, Plaintiff claims that he earns ¥270,000 per month. FAC, Doc. No. 11 at ¶ 4. This is the equivalent of approximately $2,431.42.[4] Plaintiff also represents that he has $5.67 in cash or in a checking or savings account. Finally, Plaintiff identifies monthly transportation expenses totaling ¥30,000 ($270.16) and $135,000.00 in student loan debt.

Although the Court does not exclusively rely on poverty guidelines to determine whether an IFP application should be granted, such guidelines are instructive. The Court would ordinarily reference the pertinent Department of Health and Human Services Poverty Guidelines when considering a litigant's IFP application. Because Plaintiff currently resides and is employed in Japan,

---

[4] Currency conversions are based on the exchange rate at the time this Order was drafted.

however, the Court considers the poverty line in Japan.[5]  The Organization for Economic Co-operation and Development, of which Japan is a member, defines the poverty line as half of the national median income.  https://data.oecd.org/inequality/poverty-rate.htm (last visited March 29, 2019).  As of 2015, the poverty line was $16,700.00.  https://www.economist.com/asia/2015/04/04/struggling (last visited March 29, 2019).  The 2016 median household income was $39,165.00.  http://nbakki.hatenablog.com/entry/Distribution_of_ Yearly_ Household_ Incomes_in_Japan_2016 (last visited March 29, 2019).  This results in a poverty line of $19,582.50.  Plaintiff's annual salary totals $21,432.00 or $29,177.04 depending on the monthly income amounts provided by Plaintiff.  These figures exceed Japan's poverty line.

Notwithstanding the Court's prior admonition that Plaintiff's IFP Application must completely and accurately respond to all questions, Doc. No. 6 at 6, he has again failed to provide the necessary information for the Court to ascertain whether he has alleged sufficient poverty.  Plaintiff has not disclosed any month expenses other than ¥30,000 ($270.16) in transportation expenses.  Paragraph 6 of the IFP Application requires a party to disclose "[a]ny housing, transportation, utilities, or loan payments, or other regular monthly expenses."

---

[5]  Because the poverty guidelines in Japan and Hawaiʻi are relatively similar, the Court's determination would not differ based on the application of either guideline to this case.

Moreover, while Plaintiff claims to have substantial student loan debt, he has not provided his monthly payment amounts, if any.

Plaintiff represents that his wife and child rely on him for financial support. Given his multiple allegations that his wife has abandoned their child and failed to show up for scheduled appointments, and considering that the most recent email correspondence from his wife dates back to January 15, 2019, the Court questions the veracity of his representation that he supports his wife financially. In any event, Plaintiff has not provided the information requested in paragraph 7 of the IFP Application, which directs the applicant to provide the amount contributed to each person dependent on the applicant for support.[6] For these reasons, Plaintiff has failed to make a sufficient showing of poverty to proceed in forma pauperis.

Despite the deficiencies identified above, the Court will grant Plaintiff a final opportunity to provide complete details about his current financial situation. Generalized allegations of poverty will not suffice and Plaintiff must fully and truthfully respond to each paragraph in the IFP Application. Failure to do so will result in the denial of the IFP Application.

---

[6] The 2019 Poverty Guideline for Hawaiʻi establishes poverty guideline amounts based on the number of members in a household. Annual Update of the HHS Poverty Guidelines, 84 Fed. Reg. 1167-02 (Feb. 1, 2019). For example, the poverty guideline for a household of two is $19,460.00, while the guideline for a household of three is $24,450.00. *Id.*

CONCLUSION

In accordance with the foregoing, Court DENIES WITHOUT PREJUDICE Plaintiff's IFP Application. If Plaintiff elects to file a new IFP Application, he must do so by May 1, 2019. To be timely filed, the document must be <u>received</u> by May 1, 2019. If Plaintiff wishes to proceed without filing a new IFP Application, he must remit the applicable filing fee by May 1, 2019. Plaintiff is cautioned that failure to timely file an IFP Application <u>or</u> pay the applicable filing fee will result in the automatic dismissal of this action.

IT IS SO ORDERED.

DATED: Honolulu, Hawaiʻi, April 1, 2019.

Jill A. Otake
United States District Judge

CIVIL NO. 19-00065 JAO-RLP; *STONE V. UNITED STATES EMBASSY TOKYO, et al.*; ORDER DENYING WITHOUT PREJUDICE APPLICATION TO PROCEED IN FORMA PAUPERIS

7